In the Matter of EVELYN PAYNE, Respondent, against BEVERLY FOSTER, Appellant.— Proceeding to compel execution and delivery of an assignment of a mortgage on real property.  There are two estates in the land, created by will: a life estate and a remainder.  At the time of the creation of the estates the realty was incumbered by an unpaid and past-due mortgage indebtedness.  The property is improved with a dwelling and is occupied by the life tenant.  Following the creation of the estates the remainderman paid installments on the principal of the mortgage indebtedness and the life tenant paid interest on the mortgage indebtedness.  Subsequently the life tenant became the holder of the mortgage and demanded payment from the remainderman of the full amount of the mortgage debt plus interest.  The remainderman tendered payment and demanded an assignment of the mortgage to the remainderman's designee.  The life tenant refused, but offered to execute a certificate of discharge of the mortgage indebtedness.  Thereafter, the remainderman brought this proceeding to compel execution of the assignment, under section 275 of the Real Property Law.  The application was granted, and the life tenant appeals, contending (1) that the remainderman is not the "owner of the land"; (2) that her life estate is a junior mortgage or lien within the meaning of section 275; (3) that the section was never intended to apply to a life tenant; (4) that it would be inequitable to construe the statute so as to require the life tenant to execute an assignment of the mortgage of which she is the holder, particularly as that would mean that the life tenant would be required to resume payments of interest on the mortgage indebtedness; and (5) that there is no authority in the court to entertain the proceeding.  Order affirmed, with $10 costs and disbursements.  No opinion.  Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.